JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a resentencing. Appellant, Ricky Buzzard ("appellant"), pled guilty to aggravated robbery, felonious assault, and attempted rape in case number 384473. Appellant also admitted violating previously imposed community control sanctions in case number 367660 for the offenses of escape and burglary. On May 31, 2000, appellant was sentenced by the trial court in both cases as follows: (1) a term of imprisonment of nine years for aggravated robbery to run concurrent with a term of imprisonment of seven years for felonious assault, and a term of imprisonment for six years for attempted rape to run consecutively with the nine year sentence for aggravated robbery; and (2) a term of imprisonment of three years for escape to run concurrent with a term of imprisonment of 17 months for burglary. The sentences in the two cases were ordered to run consecutively.
 {¶ 2} Appellant appealed case number 384473. On appeal, this court affirmed the decision of the trial court, but vacated the sentence because the trial court did not satisfy the requirements of R.C.2929.14(E), and remanded the matter to the trial court for resentencing.
 {¶ 3} On September 30, 2002, the trial court resentenced appellant with respect to case number 384473. At the resentencing, the trial court imposed the same sentences, with the sentences for the third offense to run consecutively with the first offense. Appellant now appeals.
 I {¶ 4} In his first assignment of error, appellant contends that the trial court erred at the resentencing by imposing a consecutive sentence for the third offense (attempted rape) in case number 384473. While appellant concedes that the trial court at the resentencing made the requisite findings to impose a consecutive sentence, appellant argues it failed to state its reasons and thus, erred.
 {¶ 5} R.C. 2929.14 provides in pertinent part:
 {¶ 6} "(E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 7} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 8} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." See, also, State v. Bolling (July 19, 2001), Cuyahoga App. No. 78632; State v. Stewart, 149 Ohio App.3d 1,2002-Ohio-4124, at ¶ 29, 775 N.E.2d 563; State v. Parker (2001),144 Ohio App.3d 334, 338, 760 N.E.2d 48.
 {¶ 10} The court is also required under R.C. 2929.12 to consider various factors relating to the seriousness of the crime, as well as consideration of factors relating to the likelihood of recidivism, including any mitigating circumstances.
 {¶ 11} Further, R.C. 2929.19 provides in pertinent part:
 {¶ 12} "(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 [2947.05.1] of the Revised Code.
 {¶ 13} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 14} "* * *
 {¶ 15} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences * * *."
 {¶ 16} Pursuant to R.C. 2929.14(E)(4), the trial court is required to make at least three findings prior to sentencing an offender to consecutive sentences. Likewise, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give its reasons behind its findings and "make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations." State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556; see, generally, State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings and stated its reasons for its findings. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 21; see, also, Statev. Gary (2001), 141 Ohio App.3d 194, 196, 750 N.E.2d 640 (by simply finding that two victims were involved is not enough for the court, on review, to determine to what this particular finding is applicable when the trial court fails to make any logical connection between this finding and the reason to impose consecutive sentences); State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 17} At the resentencing of appellant, the trial court made the following record with respect to the required findings and reasons pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c):
 {¶ 18} "I'm going to now find that consecutive sentences are necessary to protect the public from you committing a future crime and to punish you and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger and the — you pose to the public.
 {¶ 19} "I remember the case fairly well, and that is that the victim in this case was from Russia. She did not speak English. She wore a hearing aide [sic]. And during the course of you robbing her and raping her, attempting to rape her, as she testified, you broke her hearing aide [sic]. You used your position as a repairman to get into her apartment, which is a very sort of a scam way to get in to try to hurt her. And you caused physical harm to her, because she had to go to the hospital because you cut her fingers. And you have been to prison before.
 {¶ 20} "So for these reasons — and that I'm also going to find that you committed this offense while you were on probation, or post-release control, for a prior case that you had with me.
 {¶ 21} "So for those reasons, and the history of your criminal conduct that demonstrates consecutive sentences are necessary to protect the public from future crimes, those are going to be my sentences."
 {¶ 22} Here, as required by Comer, the trial court "clearly align[ed] each rationale with a specific finding to support its decision to impose consecutive sentences." 2003-Ohio-4165, at ¶ 21. The trial court found that (1) a consecutive sentence is necessary to protect the public from future crimes and to punish the appellant because of appellant's prior criminal history, appellant's scam to enter the victim's apartment under the false pretenses that he was the "repairman," and by taking advantage of the victim's hearing disability; (2) a consecutive sentence is not disproportionate to the seriousness of the crime and the danger appellant posed to the public because of the serious physical harm caused by appellant in his attempt to rape the Russian-speaking and hearing disabled victim (by breaking her hearing aid) and when he robbed the victim (by cutting her fingers, which resulted in a hospital stay); and (3) that appellant committed the offenses while under probation, or post-release control, for a prior offense.[1] The record supports the trial court's imposition of a consecutive sentence pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c).
 {¶ 23} Further, despite appellant's assertion that the trial court did not treat the resentencing de novo, the record is replete with evidence that the trial court approached resentencing as an "independent proceeding complete with all applicable procedures." State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436, at ¶ 12. Upon resentencing:
 {¶ 24} "[T]he defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence." State v. Hudak, Cuyahoga App. No. 82108,2003-Ohio-3805, at ¶ 25.
 {¶ 25} Here, a review of the resentencing transcript reveals the trial court conducted a new sentencing hearing and approached the resentencing as an independent proceeding. Although the victim was deceased at the time of the resentencing hearing, the trial court considered the statements she made at the first sentencing hearing and the trial court also gave appellant an opportunity to speak. The trial court reviewed the presentence investigation report and specifically notified appellant that he would be subject to at least five years of post-release control. Although the trial court did not inform appellant of his right to appeal, because this matter is before this court on appeal, this error is harmless. Hudak, at ¶ 27; see, also, State v.Johnson, Clermont App. No. CA2000-11-089, 2001-Ohio-8686, citing In reHaas (1975), 45 Ohio App.2d 187, 190, 341 N.E.2d 638. Because the record supports the trial court's imposition of a consecutive sentence and the record illustrates that the trial court properly conducted a complete resentencing hearing as an independent proceeding, appellant's first assignment of error is not well-taken.
 II {¶ 26} Appellant's second assignment of error contends that the trial court erred by failing to ensure that the sentence imposed upon appellant is consistent with sentences imposed upon similarly situated offenders.
 {¶ 27} It appears that appellant believes that it is the trial court's obligation to ensure that any sentence it imposes is consistent with those sentences imposed for similar offenses. The goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency" not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676,2003-Ohio-1529, at ¶ 32.
 {¶ 28} R.C. 2929.11(B):
 {¶ 29} "* * * does not impose an affirmative duty on a state court sentencing judge to calibrate sentences in accord with the other terms of incarceration being imposed within a county, within an appellate district or within the state. Rather, this is a guide for a sentencing judge to follow in conformity with the overriding purpose of felony sentencing."State v. McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249, at ¶ 55 (O'Donnell, J., dissenting).
 {¶ 30} Unlike appellant's contention, appellant failed to illustrate, at the trial court level or in his appeal, that similarly situated offenders were sentenced differently than him. There is nothing in the record that would indicate that the imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. Accordingly, appellant's second assignment of error is not well-taken.
 III {¶ 31} Appellant's third assignment of error contends that the trial court erred by failing to make the requisite findings pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) at the resentencing hearing for imposing consecutive sentences for the offenses committed by appellant in case number 367660.
 {¶ 32} At the original sentencing of appellant, the trial court ordered that the sentences in case numbers 384473 and 367660 were to run consecutively. On appeal from the original sentencing, appellant raised issues with respect to only case number 384473. At the resentencing hearing, the trial court stated that it did not "need to resentence [appellant] on the other case [case number 367660] because the sentencing was proper, it was upheld." On remand at the resentencing hearing, the trial court resentenced appellant with respect to the consecutive sentence originally imposed in case number 384473 and further stated that the original sentence imposed in case number 367660 (which was to run consecutively with the sentence in case number 384473) would remain. However, this bald statement is insufficient to meet the requisite findings and reasons for the imposition of consecutive sentences of the two cases pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Had the trial court at the resentencing made an appropriate record that included all the statutorily required considerations for the imposition of the consecutive sentences of the two cases, there would not have been any error. However, because the trial court did not make the requisite findings pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) when it stated at the resentencing that the original sentence would remain for case number 367660 (which was to run consecutively with case number 384473), appellant's third assignment of error is well taken.
 IV {¶ 33} For his fourth assignment of error, appellant contends that the trial court erred when it failed to ensure that the consecutive sentences of case numbers 384473 and 367660 were consistent with sentences imposed upon similarly situated offenders.
 {¶ 34} Notwithstanding this court's analysis of appellant's second assignment of error, we find appellant's fourth assignment of error well-taken because the trial court did not make any of the statutorily required findings for its imposition of consecutive sentences of the two cases.
 {¶ 35} Judgment is affirmed in part and reversed in part. This case is remanded for resentencing for case numbers 384473 and 367660.
 {¶ 36} This cause is Affirmed in part, Reversed in part and Remanded for resentencing.
Ann Dyke, J., Concurs. Timothy E. McMonagle, J., Concurs in judgmentonly.
[1] Although the trial court also found, pursuant to R.C.2929.14(E)(4)(c), that the appellant's criminal history demonstrates that a consecutive sentence is necessary to protect the public from future crimes, the trial court, having found that appellant committed the crime while under post-release control from a prior offense pursuant to R.C.2929.14(E)(4)(a), satisfied the third requirement of R.C. 2929.14(E)(4). Because any one of the findings pursuant to R.C. 2929.14(E)(4)(a) through (c) are sufficient, the trial court was not required to make this additional finding.