JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jamie Hecker appeals from the trial court's decision at a resentencing hearing again to impose two consecutive sentences of ten years each for his four rape convictions.
 {¶ 2} Appellant argues that the trial court was required to "explain why" consecutive sentences were not disproportionate to the danger he poses to the public; he contends it failed to do so, which constitutes reversible error. In making this argument, appellant seeks to obtain a shorter sentence.
 {¶ 3} This court, however, cannot find any error occurred in the trial court's pronouncement of sentence. Consequently, appellant's sentence is affirmed.
 {¶ 4} Appellant originally was indicted in this case on thirteen counts. He was charged in counts one through eight with committing the forcible rape of his two daughters on four occasions each when they were seven and eight years of age, respectively. Count nine charged him with committing gross sexual imposition upon the younger girl, and, finally, counts ten through thirteen charged him with disseminating matter harmful to juveniles to the girls four separate times.
 {¶ 5} The record reflects that appellant had custody of the girls from July to September, 2001. During that time, he traveled with them between Ohio and Florida, and they would live in "backyards" in either a trailer or a tent. He would wait until the girls' stepmother was at work before committing sexual acts with his daughters, or showing them pornographic movies or magazines.
 {¶ 6} Appellant eventually negotiated a plea agreement with the state, whereby in exchange for his guilty plea to four counts of rape, amended to delete the element of force, the state would dismiss the remaining charges. In effect, appellant would plead to raping each child twice. The trial court accepted appellant's plea, then referred him to both the probation department for a presentence report and the court's psychiatric clinic for an evaluation of his status as a sexual predator.
 {¶ 7} During his interview at the probation department, appellant indicated that although he knew he was "guilty by definition of the law," the sexual "activities between h[im] and his daughters were consensual;" they began only when the eight-year old "mentioned to him that she had been `fooling around' sexually with her older brother."
 {¶ 8} When appellant's case was called for the original sentencing hearing, the trial court initially classified appellant as a sexually oriented offender. The trial court then imposed sentences of ten years on each count of rape, but ordered them to run consecutively as to each child, for a total term of twenty years.
 {¶ 9} Appellant's resentencing hearing resulted from his first appeal of that sentence. In his first assignment of error, appellant argued the trial court had failed to make each of the necessary findings required by R.C. 2929.14(E)(4) before imposing some of the terms consecutively.[1] After considering the trial court's statements, this court in State v. Hecker,
Cuyahoga App. No. 82071, 2003-Ohio-3953 ("Hecker I") determined appellant's argument was partially persuasive.
 {¶ 10} This court stated that the record disclosed the trial court "exhibit[ed] an uncertainty * * * concerning the danger [appellant] pose[d] to the public," but then listed many aspects of the case that "could support" such a finding; therefore, the "most appropriate" disposition of appellant's argument was to "remand this matter for re-sentencing." But see, R.C.2953.08(G)(1).[2]
 {¶ 11} Upon remand, without the benefit of further direction from Hecker I, the trial court conducted the matter as a sentencing "de novo." Thus, it indicated it had reviewed and would readmit all the exhibits it had received during the original sentencing, permitted the prosecutor, defense counsel and appellant to speak, restated its findings concerning the inapplicability of the minimum term, considered the statutory seriousness factors, and again concluded appellant committed the worst forms of the offense. Consequently, the trial court again chose the maximum term as appropriate for appellant's convictions.
 {¶ 12} At that point, the trial court faced the question posed by appellant at the resentencing hearing: whether concurrent or consecutive terms were more appropriate for his convictions. The court reviewed Hecker I for guidance on that question.
 {¶ 13} In rereading the opinion, the trial court interpreted it to mean that, in imposing consecutive terms during the sentencing portion of the proceedings, the first of R.C.2929.14(E)(4)'s required findings had adequately been set forth: consecutive sentences were "necessary * * * to punish" appellant.
 {¶ 14} With regard to the second required finding, the trial court properly had indicated "consecutive sentences were not disproportionate to [appellant's] conduct." However, the trial court earlier, during appellant's sexual classification hearing, had made statements that had clouded whether, additionally, "consecutive sentences were not disproportionate to the danger [appellant] posed to the public."
 {¶ 15} The trial court explained this court had read the earlier statements out of context. The trial court remained "[un]convinced that the same consideration that went into the sexual predator finding is the consideration that should go into a sentencing finding."
 {¶ 16} The trial court decided, rather than by a "recidivism" finding pursuant to R.C. 2950.09, its intent with regard to a finding on the additional portion of R.C. 2929.14(E)(4) better was illustrated by "analyz[ing] by the following facts whether or not this offender poses a danger to the public in a more general sense." The trial court focused three particular facts.
 {¶ 17} First, that appellant "persisted" in inflicting "physical pain" as well as psychological harm upon his daughters; this demonstrated he lacked empathy toward others. Second, that at the time the original presentence report was prepared, appellant "indicated this was consensual conduct with his children;" this displayed a personality trait to "outplace blame." Third, that appellant performed these activities repeatedly when he was alone with his children; this exhibited his inability "to control his own impulses."
 {¶ 18} From these facts, the trial court found "under the second prong" of R.C. 2929.14(E)(4)(a) not only "that the punishment is not disproportionate to the seriousness of [appellant's] conduct," but that appellant did "pose a danger to the public." It further found that the harm to the two children caused by appellant's conduct was so great that concurrent sentences would not adequately reflect its seriousness.
 {¶ 19} The trial court thereupon imposed upon appellant the same sentence as it had originally, viz., for his four rape convictions, two consecutive ten year terms for each child, for a total term of twenty years.
 {¶ 20} Appellant's second appeal of his sentence presents the following assignment of error for this court's review:
 {¶ 21} "The trial court erred when it failed to explain why consecutive sentences were not disproportionate to the danger that appellant posed to the public."
 {¶ 22} Appellant argues that, once again, the trial court did not adequately set forth its reasons for choosing to re-impose upon him consecutive terms of incarceration. As the foregoing recitation of the trial court's comments demonstrates, however, appellant's argument is baseless.
 {¶ 23} Hecker I found confusion as to only the trial court's original pronouncement of R.C. 2929.14(E)(4)'s second required finding. See, State v. Gates, Cuyahoga App. Nos. 82385, 2004-Ohio-1453.
 {¶ 24} On remand, the trial court as to this finding reasoned that appellant's lack of empathy, ingrained tendency to refuse to accept blame, and inability to control his criminal impulses reflected he posed a danger to the public. Those traits, together with the seriousness of his conduct, warranted the imposition of consecutive terms. Moreover, the trial court repeated the final required finding, viz., the harm caused by his conduct to the two children was so great that one term would not adequately reflect its seriousness. R.C. 2929.14(E)(4)(b).
 {¶ 25} R.C. 2929.14(E)(4) and R.C. 2919.(B)(2)(c) require nothing further from the trial court. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165; see also, State v. Buzzard, Cuyahoga App. Nos. 82309, 82992, 2003-Ohio-5922.
 {¶ 26} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 27} Appellant's sentence is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Celebrezze, Jr., J. concur.
[1] Appellant's second argument was overruled; this court concluded the trial court complied with statutory dictates in imposing a maximum term for the crimes.
[2] R.C. 2953.08(G)(1) provides that if "the sentencing court was required to make the findings required by * * * division (E)(4) of section 2929.14 * * * relative to the imposition * * * of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing the appeal * * * shall remand the case to the sentencing court andinstruct the sentencing court to state, on the record, therequired findings." (Emphasis added.)