OPINION
{¶ 1} Eric J. Ruggles (Pro Se) appeals from the judgment of the domestic relations division of the Clark County Court of Common Pleas, wherein the trial court issued a divorce decree incorporating the parties' settlement agreement.
 {¶ 2} Ruggles and Angela M. Kettlehake were married in Centerville, Ohio on November 8, 1998. Two children were born as issue of the marriage, to wit Sierra Ruggles, *Page 2 
born July 23, 1999, and Athena Ruggles, born September 3, 2002. Ruggles filed a complaint for legal separation in November 2003. In December of that same year, Kettlehake filed an answer and counterclaim for divorce. A final contested divorce hearing was held on October 5, 2004, at which time counsel for Ruggles and Kettlehake advised the trial court that the matter had been settled by agreement of the parties. Definite and material terms of the settlement agreement were read into the record at the hearing, and the case proceeded as an uncontested divorce. Thereafter, the trial court requested that the parties submit an agreed entry and accompanying documents by November 12, 2004. When the parties failed to do so, the court ordered them to appear on January 19, 2005 to show cause why the agreed judgment entry and decree of divorce had not been filed.
 {¶ 3} The parties submitted an agreed entry and decree of divorce at the show cause hearing. In pertinent part, the terms of the decree provided the following:
 {¶ 4} "The Obligor, ERIC RUGGLES, shall pay as and for child support for the parties [sic] minor children, $400.00 per month, plus poundage (at the rate of 2%) for a total amount of $408.00 to be discharged in equal amounts according to the pay schedule of the Obligor. This obligation shall remain in place and shall be nonmodifiable for three years from the date of journalization of this DECREE. This amount deviates from Ohio's Guidelines due to the additional amount of time awarded to the DEFENDANT, ERIC RUGGLES, in this DECREE. * * * In addition, the obligor shall pay an additional $25.00 per month on the arrearage due (approximately $4,000.00) to the Obligee. This payment shall also be made in accordance with Ohio's Law as stated above."
 {¶ 5} The divorce decree, including the terms of the parties' settlement agreement, was adopted by the trial court on January 24, 2005. On February 24, 2005, Ruggles filed a *Page 3 
motion to modify and appeal the trial court's judgment.[1]
 {¶ 6} On appeal, Ruggles' argument is twofold. First, Ruggles contends that the calculations for child support at the time of a temporary order issued by the court in January 2003 and at the time of the final divorce decree were products of mistakes of fact, inadvertence and neglect committed by Kettlehake's attorney and his own. According to Ruggles, Kettlehake's attorney had no record of his income history; thus, she could not conclude for purposes of the child support computation summary worksheet that his gross income equaled $31,600. Next, Ruggles asserts that the child support calculations should be modified according to his W-2's, W-4's, pay stubs, and tax information filed in conjunction with his appellate brief. He further requests retroactive modification of the child support payments dating back from the January 2003 temporary order in light of the alleged incorrect calculations made by Kettlehake's attorney.
 {¶ 7} With regards to Ruggles' first argument, it is well established that a trial court's approval of a settlement agreement and incorporation of the agreement into a divorce decree will not be disturbed absent a showing of an abuse of discretion. Zamonski v.Wan, Montgomery App. No. 19392, 2003-Ohio-780, at ¶ 5; Schneider v.Schneider ( 1996), 110 Ohio App.3d 487, 491, 674 N.E.2d 769. An abuse of discretion is more than an error in judgment or law. It implies that the trial court's decision was unreasonable, arbitrary, or *Page 4 
unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, a court of appeals may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 8} Although presented in the language of a Civ.R. (60)(B) motion for relief from judgment, Ruggles' argument appears to be that the trial court abused its discretion in adopting the agreed entry and divorce decree, where the calculations for child support were based on an incorrect assessment of Ruggles' gross income. For the following reasons, we find that this contention is not supported by the record.
 {¶ 9} We have previously held that an appellant's failure to provide this Court with a transcript from the trial court deprives us of our ability to determine whether the trial court's decision is supported by the record and whether the appellant has satisfied its burden of portraying error in the record. See Williams v. Premier Auto Mall, Montgomery App. No. 19690, 2003-Ohio-5922, at ¶ 3. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. In situations such as this where an adequate record has not been transmitted, a court of appeals must presume the regularity of the proceedings below and affirm the trial court's decision. Id. at 200. See, also, Bryant v. Richardson (Jan. 23, 1998), Montgomery App. No. 16533, 1998 WL 22052, at *2 (citing App. R. 9(B)).
 {¶ 10} Here, Ruggles has not provided us with a transcript from any of the divorce proceedings. However, in an addendum to the judgment entry and decree of divorce, the trial *Page 5 
court pointed out that Ruggles asserted at the January 19, 2005 hearing that the child support order should be modified to reflect his income at that time instead of the amount he agreed to pay on October 5, 2004. The court also noted that it reviewed the tapes of the October hearing, and that the amount reflected in the proposed decree is the amount agreed upon by the parties. Furthermore, the addendum provides that both Ruggles and Kettlehake indicated they understood the terms of the settlement agreement, they wanted it as an agreement, and they were afforded the opportunity to ask questions. "When the parties enter into a settlement agreement in the presence of the court, such an agreement is a binding contract and neither a change of heart nor poor legal advice is a ground to set aside a separation agreement." Ingle v.Ingle, Greene App. No. 2005CA110, 2006-Ohio-3749, at ¶ 51, citingWalther v. Walther (1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332. Such settlement agreements are favored in the law. Walther,102 Ohio App.3d at 383.
 {¶ 11} Given the limited record on which to base our review, we do not find that the trial court abused its discretion in adopting the proposed judgment entry and decree of divorce.
 {¶ 12} Ruggles' second argument essentially asks this Court to modify the amount of child support payments in accordance with his W-2's, W-4's, pay stubs, and tax information attached to his appellate brief. He also seeks retroactive modification for payments made between the present time and the trial court's January 2003 temporary order. This request, however, is improperly before us. To modify an existing child support order, a trial court must find that a change of circumstance has occurred. (Emphasis added.) Robinson v. Robinson, 168 Ohio App.3d 476,2006-Ohio-4282, 860 N.E.2d 1027, at ¶ 10. Only upon such finding may an appellate court review whether the trial court's decision regarding child support obligations was within its discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144, *Page 6 541 N.E.2d 1028.
 {¶ 13} Furthermore, this Court cannot consider evidentiary material that was not initially presented to the trial court. See Estep v.Elam (Oct. 12, 2001), Montgomery App. No. 18750, 2001 WL 1203057, at *2. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978),54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.
 {¶ 14} Thus, we conclude that Ruggles has not presented this Court with an argument concerning modification of his child support obligations that we may properly review. Moreover, having found that Ruggles failed to properly transmit the record, we must affirm the judgment of the trial court adopting the agreed entry and decree of divorce.
 {¶ 15} Accordingly, the judgment of the trial court is affirmed.
WOLFF, P.J., and GRADY, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Eric J. Ruggles
Angela M. Kettlehake
Hon. Thomas J. Capper
[1] We note that Ruggles initially filed his appellant's brief in the Common Pleas Court of Clark County on May 10, 2005. Having no brief before this Court, we dismissed the appeal for failure to timely file a brief on December 29, 2005. Ruggles subsequently moved for reconsideration, contending that he erroneously filed his brief with the common pleas court, and that he never received this Court's show cause order issued on November 16, 2005. In March 2006, we granted Ruggles' motion and reinstated the appeal. *Page 1